1 **DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
2 heley@dollamir.com
HEMMY SO (SBN 259374)
3 hso@dollamir.com
1888 Century Park East, Suite 1850
4 Los Angeles, California 90067
Tel:  310.557.9100
5 Fax: 310.557.9101

6 Attorneys for Defendant,
GREENPOINT MORTGAGE FUNDING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHAFER AND MICHELLE DOWLING SCHAFER, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GREENPOINT MORTGAGE FUNDING, INC.; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-AR30; and Does 1-10, inclusive,<br><br>Defendants. | Case No. CV12-00573 JFW (JCx)<br><br>*The Hon. John F. Walker*<br><br>**DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>*[Filed concurrently with the [Proposed] Order]*<br><br>Complaint Filed:  January 20, 2012<br>Trial Date:        tba<br><br>Date:     March 19, 2012<br>Time:     1:30 p.m.<br>Location: Courtroom 16<br>          312 N. Spring Street<br>          Los Angeles, CA 90012 |

MOTION TO DISMISS                                                     CASE NO.: CV12-00573 JFW(JCX)

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 19, 2012, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 16 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California, 90012, before the Honorable John F. Walker, defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") will, and hereby does, move to dismiss the Complaint filed by plaintiffs David Schafer and Michelle Dowling Schafer (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6), as the Complaint fails to assert a claim upon which relief may be granted, as further explained in the accompanying memorandum of points and authorities.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion. GreenPoint respectfully requests an order dismissing the Complaint in its entirety without leave to amend.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which was conducted on February 3, 2012.

Dated: February 14, 2012        **DOLL AMIR & ELEY LLP**


By: /s/ *Hemmy So*
        Hemmy So
Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This case joins many others in which homeowners who can no longer afford their mortgage loans seek refuge through untenable legal claims against anyone associated with the loan.  Among the numerous other claims against co-defendants, Plaintiffs David and Michelle Schafer ("Plaintiffs") bring a single claim for declaratory relief against Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint"), the entity that originated their home loan, seeking to strip GreenPoint's right to enforce the underlying promissory note, deed of trust, or foreclosure proceedings.

But here is the fundamental problem with that claim: GreenPoint has not asserted any such rights against Plaintiffs.  The Complaint admits this.  Simply put, Plaintiffs have failed to identify a present, actual controversy with GreenPoint that gives rise to a declaratory relief claim.  For this reason, this claim should be dismissed.

## II.  STATEMENT OF FACTS

On or about September 17, 2003, Plaintiffs executed a promissory note in favor of GreenPoint to obtain a $560,000 loan that is secured by a deed of trust for real property located at 1353 Lida Street, Pasadena, California 91103 ("Subject Property"). Compl., ¶¶ 1, 16.  Plaintiffs allege that shortly thereafter, GreenPoint attempted to sell Plaintiff's mortgage to another entity.  *Id.*, ¶ 17.  Plaintiffs allege the defendants attempted to securitize their mortgage into the CSFB Mortgage-Backed Pass-Through Certificates, Series 2003-AR30 ("CFSB Trust").  *Id.*, ¶ 18.  The securitization failed as a result of improper assignment of the promissory note.  *Id.*, ¶¶ 20-22, 25.  As a result, Plaintiffs allege their promissory note never became part of the CFSB Trust. *Id.*, ¶ 25.  Specifically, Plaintiffs allege their mortgage interests were not transferred to defendant U.S. Bank.  *Id.*, ¶ 28.  Plaintiffs allege defendants attempted to cover up the

failed assignment, transfer or grant of their mortgage by executing and filing an Assignment of Deed of Trust. *Id.*, ¶ 29.

Defendants U.S. Bank and/or BAC Servicing made numerous attempts to collect payments on Plaintiffs' loan. Compl., ¶¶ 1, 28, 29. Plaintiffs, however, dispute the amount owed on the loan and seek assistance in identifying their true creditor. *Id.*, ¶ 31. Plaintiffs allege U.S. Bank does not have an interest in the loan and the assignment in its favor is void. *Id.*, ¶¶ 41, 42. Plaintiffs also allege they face harm from the imminent foreclosure on their home. *Id.*, ¶ 44. Plaintiffs seek "a determination as to whether U.S. Bank's claims against Plaintiffs are enforceable …." *Id.*, ¶ 47.

The Complaint then, makes clear that U.S. Bank and/or BAC Servicing — not GreenPoint — had sought repayment of the loan. Compl., ¶¶ 1, 29, 5, 53, 55-69, 85, 90-125. The Complaint also admits that U.S. Bank and/or BAC Servicing — not GreenPoint — initiated foreclosure proceedings against Plaintiffs. *Id.*, Ex. D [Notice of Default identifying Recontrust Company, N.A. as beneficiary under deed of trust and U.S. Bank, N.A. as entity receiving payment to stop foreclosure]. Despite this, Plaintiffs bring a declaratory relief claim against GreenPoint, seeking an order that no defendants have any rights or interests in the promissory note, deed of trust or Subject Property, and therefore, no defendant can collect mortgage payments or enforce the terms of the note or deed of trust. *Id.*, ¶ 45.

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

///

1  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In considering a motion to dismiss, the court is limited to the allegations on the face of the complaint, including documents attached thereto, matters properly judicially noticed, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

As the Supreme Court has recently confirmed, "[t]o survive a motion to dismiss [brought pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("*Iqbal*"). This plausibility standard requires that Plaintiff "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. While in considering a motion to dismiss the court accepts as true the factual allegations contained therein, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, -- U.S. --, 129 S.Ct. at 1949-50, 173 L.Ed.2d 868; *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

///

DOLL AMIR & ELEY LLP

IV. **ARGUMENT**

    A.    **No Actual Controversy Exists Between Plaintiffs And GreenPoint, And Therefore Declaratory Relief Must Be Denied.**

The complaint in a declaratory relief action must allege: (1) facts showing existence of an actual controversy, (2) regarding a matter or claim that is otherwise within federal court subject matter jurisdiction.  28 U.S.C. § 2201; *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980); *see Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("When presented with a claim for declaratory judgment, … federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion."); *see also* Cal. Code Civ. Proc. § 1060 (party may bring declaratory relief action in cases of actual controversy).  The court must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant issuance of a declaratory judgment."  *Maryland Casualty co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

The declaratory relief claim fails because no actual controversy exists.  The Complaint makes no allegation that GreenPoint has any present involvement in Plaintiffs' mortgage loan.  Plaintiffs do not allege that GreenPoint is attempting to collect payments on their debt.  *Contrast* Compl., ¶¶ 1, 29, 5, 53, 55-69, 85, 90-125 (alleging U.S. Bank and/or BAC Servicing are wrongfully attempting to collect payments on the promissory note).  Plaintiffs do not allege that GreenPoint is attempting to foreclose on the Subject Property.  *See id.*, ¶¶ 20, 37, Ex. D (Notice of Default identifying U.S. Bank and Recontrust Company).  Plaintiffs make no allegation that GreenPoint has claimed any rights whatsoever in connection with their loan.  *See generally*, *id.*  At most, Plaintiffs allege that GreenPoint originated the loan in 2003, but that does not speak to a present controversy between the parties.  *See id.*,

DOLL AMIR & ELEY LLP

¶ 17. Plaintiffs instead admit GreenPoint's involvement in the loan expired long ago, alleging that "obligations to GreenPoint Mortgage under the Deed of Trust were fulfilled when GreenPoint Mortgage received the balance on the Note as proceeds of the sale of Plaintiffs' Note and Mortgage to a presently unknown entity." *Id.*, ¶ 53.

Without an active controversy to resolve a present or future issue between Plaintiffs and GreenPoint, declaratory relief should be denied. *See Societe de Conditionnement v. Hunter Eng's Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981) (noting that the Declaratory Judgment Act "brings to the present a litigable controversy, which otherwise might only be tried in the future"); *see also City and County of San Francisco v. U.S. Postal Service*, 2009 WL 3756005 at *3 (N.D. Cal. Nov. 5. 2009) (dismissing declaratory relief claim because defendant's letter relied upon by plaintiffs did not give rise to a "real and reasonable apprehension" that plaintiffs would be subject to liability); *contrast Sencion v. Saxon Mortg. Services, Inc.*, 2011 WL 672643 at *3 (N.D. Cal. Feb. 17, 2011) (holding second amended complaint sufficiently plead declaratory relief claim against new owner of property and loan servicer because loan servicer asserted right to collect monthly mortgage payments from plaintiff and attempted to negotiate terms for plaintiff to vacate home, all on behalf of property owner).

Moreover, Plaintiffs' desire for a blanket judgment that no one associated with the mortgage note, Deed of Trust or Assignment of Deed of Trust has any rights relating to the Subject Property or their debt owed is antithetical to the "specific relief through a decree of conclusive character" that is required by a declaratory relief action. *See Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F.Supp.2d 1265, 1269 (S.D. Cal. 2007), quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.ED 617 (1937). The declaratory relief claim should be dismissed because the Complaint makes clear that no actual controversy exists between Plaintiffs and GreenPoint.

///

## V. CONCLUSION

For the foregoing reasons, Defendant GreenPoint Mortgage Funding, Inc. respectfully requests its Motion to Dismiss Plaintiffs' Complaint be granted, without leave to amend.

DATED: February 14, 2012            **DOLL AMIR & ELEY LLP**

By: /s/ *Hemmy So* .
    Hemmy So
Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.