**AKERMAN SENTERFITT LLP**
IMRAN HAYAT (SBN 224458)
Email: imran.hayat@akerman.com
PRESTON K. ASCHERIN (SBN 260361)
Email: preston.ascherin@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
BANK OF AMERICA, N.A. and
U.S. BANK, N.A., as Trustee for the
Certificateholders of CSFB Mortgage-backed
Pass-through Certificates, Series 2003-AR30

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCHAFER AND MICHELLE DOWLING SCHAFER, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING INC.; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-AR30; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 2:12-CV-00573-JFW (JCx)<br><br>*The Hon. John F. Walter*<br><br>**DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:<br>Date:   May 7, 2012<br>Time:   1:30 p.m.<br>Crtrm.:  16<br><br>Complaint Filed: January 20, 2012<br>Trial Date:      None |

**TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Bank of America, N.A. (**BANA**) and U.S. Bank, N.A., as Trustee for the Certificateholders of CSFB Mortgage-backed Pass-through Certificates, Series 2003-AR30 (**U.S. Bank**) (collectively, **defendants**) hereby request the Court to take judicial notice of the following documents pursuant to Fed. R. Evid. 201 in support of their motion to dismiss plaintiffs David Schafer and Michelle Dowling Schafer's (**plaintiffs**) complaint. These documents are matters of public record, referenced in plaintiffs' complaint, documents found on governmental websites, and/or are central to or directly refute the claims being raised by plaintiffs. Defendants respectfully request the Court to take judicial notice of the following documents:

1. **Exhibit A**: A true and correct copy of the verified complaint, omitting exhibits, filed in the United States District Court, Central District of California on January 18, 2012, styled *Rene Zavala v. Bank of America, as successor by merger to BAC Home Loans Servicing, LP, et al.* in Case No. SACV11-01356 CJC (RNBx) (*Zavala*).

2. **Exhibit B**: A true and correct copy of the first amended complaint, omitting exhibits, filed in the United States District Court, Central District of California on September 7, 2011, in *Zavala*.

3. **Exhibit C**: A true and correct copy of the Order Granting Defendants' Motion to Dismiss with Prejudice entered in the United States District Court, Central District of California on April 13, 2012, in *Zavala*.

4. **Exhibit D**: A true and correct copy of the complaint filed in the United States District Court, Central District of California on November 8, 2011, styled *Jeff McDonald v. MILA, Inc., et al.* in Case No. CV11-01719 CJC (ANx).

5. **Exhibit E**: A true and correct copy of the caption page of the verified complaint, filed in the Superior Court of California, Los Angeles on December 27,

2010, styled *Michelle Dowling Schafer v. CitiMortgage, Inc., et al.,* in Case No. BC452036 (***Schafer I***).

6. **Exhibit F:** A true and correct copy of the caption page of the first amended complaint, filed on March 25, 2011, in *Schafer I*.

7. **Exhibit G:** A true and correct copy of the caption page of the verified complaint, filed in the United States District Court, Central District of California on September 16, 2011, styled *Sheri M. Juntilla v. JP Morgan Chase Bank, N.A., et al.,* in Case No. CV11-07701 GW (JCx) (***Juntilla I***).

8. **Exhibit H:** A true and correct copy of the caption page of the first amended complaint, filed on October 25, 2011, in *Juntilla I*.

9. **EXHIBIT I:** A true and correct copy of the caption page of the second amended complaint, filed on February 23, 2012, in *Juntilla I*.

10. **EXHIBIT J:** A true and correct copy of the caption page of the verified complaint, filed in the United States District Court, Central District of California on October 3, 2011, styled *Sheri M. Juntilla v. Aurora Loan Services, LLC, et al.,* in Case No. CV11-08201 DDP (PJWx) (***Juntilla II***).

11. **Exhibit K:** A true and correct copy of the caption page of the first amended complaint, filed on January 18, 2012, in *Juntilla II*.

The Court may take judicial notice of these facts pursuant to Federal Rule of Evidence 201, as they are based on public records "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Fed. R. Evid.* 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (courts may take judicial notice of matters of public record). The Court may consider materials that are submitted with and attached to plaintiffs' Complaint. *Id.* The Court may also consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Marder v.*

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee,* 250 F.3d at 688; *see also United States ex rel. Lee., v. Corinthian Colleges*, 2011 DJDAR 12316 at 12322 (9th Cir. Aug. 12, 2011). Legislative history, and executive and agency determinations are subject to judicial notice. *See Shaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (legislative history); *Fornalik v. Perryman*, 223 F.3d 523 (7th Cir 2000)(executive and agency determinations).

Under Federal Rule of Evidence 201, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." *Fed. R. Evid.* 201(d). A fact is appropriate for judicial notice if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Fed. R. Evid.* 201(b). Facts contained in the public record are appropriate subjects of judicial notice. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006). Therefore, a court may take judicial notice of the existence of another court's opinion, *Cal. ex rel. RoNo, LLC v. Altus Fin. S.A.*, 344 F.3d 920, 931 (9th Cir. 2003), or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003) (citing *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983)). Because all of these documents appear to be public records, the Court takes judicial notice of the filings for the purpose of evaluating this motion to dismiss. *See Wyatt*, 315 F.3d at 1114.

Moreover, if a document forms the basis of a plaintiff's complaint, "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This is permitted to prevent plaintiffs "from surviving a Rule 12(b)(6)

motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Dated: April 23, 2012

Respectfully submitted,

**AKERMAN SENTERFITT LLP**

By: */s/ Preston K. Ascherin*
Preston K. Ascherin
Attorneys for Defendants
BANK OF AMERICA, N.A., and U.S. BANK, N.A., as Trustee for the Certificateholders of CSFB Mortgage-backed Pass-through Certificates, Series 2003-AR30